**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ISAC DE ALMEIDA-SILVA | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  26-3784 |
| | : | |
| J.L JAMISON, JOHN E. RIFE, | : | |
| MARKWAYNE MULLIN, TODD | : | |
| BLANCHE, U.S. DEPARTMENT OF | : | |
| HOMELAND SECURITY, | : | |
| EXECUTIVE OFFICE OF | : | |
| IMMIGRATION REVIEW | | |

## ORDER

**AND NOW**, this 9th day of June 2026, upon consideration of Isac De Almeida-Silva's

petition for writ of *habeas corpus* (DI 1) and the government's response in opposition thereto

(DI 4), it is hereby **ORDERED** that Mr. Almeida-Silva's *habeas* petition is **GRANTED** for the

following reasons:

1.      Mr. Almeida-Silva is a native of Brazil who entered the United States in 2022.

DI 1 at ¶ 1.  Shortly after entering the country in El Paso, Texas, Mr. Almeida-Silva encountered

DHS officers.  *Id.* at ¶ 18.  He was detained and processed, and then released to live in

Philadelphia.  *Id.*

2.      Since entering the country, Mr. Almeida-Silva has had in-person check-ins with

Immigration and Customs Enforcement (ICE) and weekly phone check-ins.  *Id.*  He has

complied with the ICE's conditions of his release, attending all in-person appointments every

two to three months and weekly by phone.  *Id.* at ¶ 20.  Mr. Almeida-Silva has applied for

asylum.  *Id.* at ¶ 19.

3.      On June 1, 2026, the Department of Homeland Security (DHS) arrested and

detained Mr. Almeida-Silva while he was going to work. *Id.* at ¶ 2.  He is being detained under

Section 1225 of the Immigration and Nationality Act (INA) at the Federal detention center in Philadelphia. *Id.* at ¶¶ 2, 22-23; DI 4 at 5.

4.     Section 1225 of the INA, titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2). Detention under Section 1225(b)(2) is mandatory and a detainee may only be released "for urgent humanitarian reasons or significant public benefit." *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (citation modified).

5.     By contrast, Section 1226 of the INA, titled "Apprehension and detention of aliens," applies to noncitizens already in the United States and gives the Attorney General discretion to detain or release them on bond pending a decision on their removal. 8 U.S.C. § 1226(a); *see Nielsen v. Preap*, 586 U.S. 392, 397 (2019). If detained, the noncitizen may request a bond hearing before an immigration judge and may be released if he can show he is not a flight risk and does not pose a danger to the community. 8 C.F.R. § 1236.1(c)(8), (d)(1); *Nielsen*, 586 U.S. at 398.

6.     As we recently held in *Diop v. Jamison, et al.*, No. 25-cv-6946 (Jan. 1, 2026), *Rodriguez Mezquita v. McShane et al.*, No. 26-cv-1136 (Mar. 2, 2026), *Godinez Chavez v. Jamison et al.*, No. 26-cv-1569 (Mar. 17, 2026), and *Conde v. Jamison et al.*, No. 26-cv-2632 (April 23, 2026), Section 1226(a) — not Section 1225(b)(2) — governs the detention of noncitizens like Mr. Almeida-Silva who have entered the United States without admission but

have resided in the interior.  This is also the position of the vast majority of district courts who have confronted this issue, including more than 300 decisions from judges in this district.  We agree with the judges of this district and adopt the wholly persuasive reasoning of their decisions.[1]

7.    Accordingly, if Mr. Almeida-Silva is subject to detention at all, it is under 8 U.S.C. Section 1226(a).  The government shall **RELEASE** Mr Almeida-Silva from custody **immediately** and certify compliance with this Order by filing on the docket by **5:00 p.m. ET** on **Thursday, June 11, 2026**;

8.    The government is temporarily enjoined from re-detaining Mr. Almeida-Silva for seven days following his release from custody;

9.    If the government chooses to pursue re-detention of Mr. Almeida-Silva after that seven-day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings; and

10.    Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of Mr Almeida-Silva from the Eastern District of Pennsylvania before the ordered bond hearing.  If an immigration judge determines that Mr. Almeida-Silva is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the court to move Mr. Almeida-Silva if unforeseen or emergency circumstances arise that require him to be removed from the District.  Any such request must include an explanation for the

---

[1] As the government is no doubt aware of the overwhelming weight of the authority against it in this district, we need not list it exhaustively here.

request as well as a proposed destination. We will then determine whether to grant the request and permit transfer of Mr. Almeida-Silva.

MURPHY, J.